UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT,

of

2:10-cv-06006-JFB-WDW

IVAN GOODSTEIN, as owner of a 2009 YAMAHA
Personal Watercraft motor vessel, for Exoneration from
Limitation of Liability,

CLAIMANT'S RESPONSE TO
PETITIONER'S REQUEST FOR
PRODUCTION OF
DOCUMENTS AND
INTERROGATORIES

Petitioner.

------------------------------------------------------------------x

Claimant David Bernstein, by his attorneys, Torgan & Cooper, P.C., hereby responds to

petitioner's First Set of Interrogatories and Request For Production of Documents as follows:

Claimant objects generally to the within requests on the grounds that they seek

information not authorized by or proper under the Federal Rules of Civil Procedure and Local

Rules of Court.  Claimant responds to the within requests based on the current state of

claimant's knowledge and assumes no duty to respond to the same other than as prescribed by

the Federal Rules of Civil Procedure and Local Rules of Court.  Claimant reserves the right to

supplement and amend each and every response herein based upon information adduced during

the continuing course of discovery and until the time of trial.

### RESPONSE TO INTERROGATORIES

1.    (a)    Claimant's full name is David Paul Bernstein.

(b)    Claimant is a financial manager.

(c)    Claimant was born on August 3, 1967.

(d)    Claimant's social security number is set forth on the authorizations

previously provided.

(e)     Claimant resides at 67 Tain Drive, Great Neck, New York 11023.

(f)     Claimant objects to this request on the ground that his driver's license information is irrelevant and confidential.

(g)     Claimant has a Certificate of Accomplishment from U.S. Coast Guard Auxiliary dated May 3, 2009.

2.     Claimant's wife's maiden name is Tammy Kessert.  She was born on August 13, 1969.  Claimant objects to the remainder of this request on the ground that the requested information is irrelevant and confidential.

3.     Claimant's children are Jessica (17 years old), Jeremy (15 years old) and Isabelle (14 years old).

4.     Claimant is self employed. Claimant is not making a claim for lost earnings. Therefore, he objects to this request on the ground that it seeks irrelevant and confidential information.

5.     Claimant is not making a claim for lost earnings.  Therefore, he objects to this request on the ground that it seeks irrelevant and confidential information.

6.     Claimant objects to this request on the ground that it is overly broad, unduly burdensome and seeks irrelevant information.

7.     Claimant objects to this request on the ground that it is overly broad, unduly burdensome and seeks irrelevant information.  Without waiving the objections, claimant has not suffered any personal injuries after the accident that is the subject of this action.

8.     Claimant previously provided medical records from North Shore University Hospital and Michael H. Lavyne, M.D., F.A.C.S.  Claimant has also treated with Kenneth Ackerman, M.D. and Mitchell E. Levine, M.D.

2

9.      Not applicable.

10.     Claimant objects to this request on the ground that it is overly broad and unduly burdensome and seeks irrelevant, confidential and privileged information.  Without waiving the objections, claimant has never been convicted of any crime or offense.

11.     Claimant is not in possession of any such statements at this time.

12.     (a)      The occurrence described in claimant's Claim and the resulting serious and permanent injuries were due solely to petitioner's culpable conduct, carelessness, negligence and recklessness including without limitation, negligently and carelessly operating, controlling and/or maintaining petitioner's Wave-runner; negligently and carelessly operating, controlling and/or maintaining the Wave-runner while intoxicated or under the influence of alcohol; negligently and carelessly failing to ensure that the Wave-runner was sufficiently manned by an individual who was adequately trained, experienced, supervised, and equipped for the task at hand;  in failing to arrange to keep a proper, safe and vigilant lookout; in failing to operate the Wave-runner in a safe and prudent manner and in accordance with the applicable rules and regulations; in negligently and carelessly operating the Wave-runner at an excessively high speed; in negligently and carelessly jumping the wake of another vessel at an excessively high speed; in failing to ensure that the Wave-runner its operator, crew and appurtenances, was/were in a seaworthy condition at the commencement of the voyage; and in such other manners as claimant intends to prove at trial, without any fault or wrongdoing on the part of the claimant contributing thereto.

(b)      Petitioner breached provisions of the NYS Navigation Law, including but not limited to §45 - Reckless operation of a vessel; speed; §47- Accidents; reports; §49-a Operation of a vessel while under the influence of alcohol or drugs; and §73-a - Regulation

3

of personal watercraft and specialty prop-craft; the Code of the Town of Southampton, including but not limited to §111-16 - Speed and Operation near bathers, and §111-18 - Operation of boats; and the Code of the Village of Westhampton Beach, including but not limited to §187-9 - Speed and manner of operation; §187-12 - Careful and prudent operation of boats; and §187-13 - Wakes.

      13.    The vessel was unseaworthy to the extent it was not manned by a competent and skillful master; rather, petitioner operated the vessel in a negligent and incompetent manner, as discussed in Response 12(a) and ((b) above.

      14.    Claimant sustained the following injuries:   cervical spine injury, cord compression, bilateral upper extremity parasthesias, disc herniations at C2/C3, C4/C5, C5/C6, and T6/T7, spinal cord edema in region C4-C7, and C4-C6 cervical stenosis, bilateral upper extremity pain, weakness, numbness and tingling, and anterior cervical discetomy C4-C5, partial vertebratomy C5-C6, interbody prosthesis arthrodesis C4-C5, interbody prosthesis arthrodesis C5-C6, segmental anterior cervical plate with Atlantis plate C4, C5, C6, need for future surgery, and need for future physical therapy, depression, anxiety, post-traumatic stress disorder, need for future psychological care, exacerbation/aggravation of pre-existing psychiatric and psychological problems and pre-existing conditions set forth above, inability to fully participate in his daily vocational, avocational and social activities, associated and concomitant impairment and negative effects upon claimant's pre-incident enjoyment of life, day-to-day existence, activities, functions and involvements, limitation, diminution and/or effect of functions, activities, vocation, avocation and all other activities in which claimant engaged prior to the underlying incident, inability to resume pre-incident modus Vivendi, inability to resume pre-incident social relations, contacts and participation.   Additionally,

4

with advancing years there will be naturally and medically related complications and exacerbations.    There will be further psychological and somatic overlay with resultant disabilities. Upon information and belief, all of the above-mentioned injuries are permanent and continuing in nature.

   15.  Claimant objects to this request on the ground that it is premature.

   16.  Claimant has not determined which expert witnesses he intends to call at trial.

   It is contemplated that the following witnesses will be called to testify in support of claimant's claim in this action:

**David Bernstein**
c/o Torgan & Cooper, P.C.
*Substance of testimony:* The subjects set forth in the Claim dated November 18, 2010, and claimant's Answer to Complaint dated November 18, 2010 and the events of July 3, 2010 at petitioner's residence in Westhampton Beach before, during and after the subject accident.

**Tammy Bernstein**
c/o Torgan & Cooper, P.C.
*Substance of testimony:* The subjects set forth in the Claim dated November 18, 2010, and claimant's Answer to Complaint dated November 18, 2010 and the events of July 3, 2010 at petitioner's residence in Westhampton Beach before, during and after the subject accident.

**Ivan Goodstein**
60 Wensley Drive
Great Neck, New York 11020
*Substance of testimony:* The subjects set forth in the Claim dated November 18, 2010, and claimant's Answer to Complaint dated November 18, 2010 and the events of July 3, 2010 at petitioner's residence in Westhampton Beach before, during and after the subject accident.

**Lisa Goodstein**
60 Wensley Drive
Great Neck, New York 11020
*Substance of testimony:* The subjects set forth in the Claim dated November 18, 2010, and claimant's Answer to Complaint dated November 18, 2010 and the events of July 3, 2010 at petitioner's residence in Westhampton Beach before, during and after the subject accident.

**Roger and Hildy Savel**
39 School House Lane
Great Neck, New York 11020
*Substance of testimony:* The subjects set forth in the Claim dated November 18, 2010, and claimant's Answer to Complaint dated November 18, 2010 and the events of July 3, 2010 at petitioner's residence in Westhampton Beach before, during and after the subject accident.

**David and Lisa Reiss**
28 Meadow Woods Road
Great Neck, New York 11020
*Substance of testimony:* The subjects set forth in the Claim dated November 18, 2010, and claimant's Answer to Complaint dated November 18, 2010 and the events of July 3, 2010 at petitioner's residence in Westhampton Beach before, during and after the subject accident.

**Nina "Doe"** (last name unknown, intended to be petitioner's housekeeper as of July 3, 2010) and her son **Zamir "Doe"** (last name unknown, intended to be petitioner's housekeeper's son)
c/o Ivan and Lisa Goodstein
60 Wensley Drive
Great Neck, New York 11020
*Substance of testimony:* The subjects set forth in the Claim dated November 18, 2010, and claimant's Answer to Complaint dated November 18, 2010 and the events of July 3, 2010 at petitioner's residence in Westhampton Beach before, during and after the subject accident.

Claimant reserves the right to supplement and amend Response no. 16 based upon FRCP 26(a)(2) and information adduced during discovery and through the time of trial.

17.   To be provided under separate cover.

18.   Claimant is not making a claim for lost earnings.  Therefore, claimant objects to this request on the ground that it seeks irrelevant and confidential information.

19.   Not applicable.

20.   Claimant receives healthcare benefits from Choice Care.  Claimant objects to the remainder of this request on the ground that it is overly broad and unduly burdensome and seeks irrelevant information.

## RESPONSE TO REQUEST FOR DOCUMENTS

1.      Claimant is not in possession of any such reports/documents at this time.

2.      Claimant is not in possession of any such statements at this time.

3.      Claimant is not in possession of any such photographs at this time.

4.      Claimant refers to the authorizations attached hereto and the medical records from North Shore University Hospital and Michael H. Lavyne, M.D., F.A.C.S. previously provided.

5.      Claimant refers to the authorizations attached hereto (Kenneth Ackerman, M.D. and Mitchell E. Levine, M.D.) and the medical records from North Shore University Hospital and Michael H. Lavyne, M.D., F.A.C.S. previously provided.  Claimant objects to the remainder of this request on the ground that it is overly broad and unduly burdensome and seeks irrelevant and privileged information.

6.      Claimant is not making a claim for lost earnings.  Therefore, claimant objects to this request on the ground that it seeks irrelevant and confidential information.

7.      Not applicable.

8.      Claimant objects to this request on the ground that his driver's license is confidential and irrelevant.   A copy of claimant's Certificate of Accomplishment from the U.S. Coast Guard Auxiliary dated May 3, 2009 is attached hereto.

9.      Claimant is not in possession of any such statements at this time.

10.     Claimant refers to the authorizations attached hereto and the medical records previously provided.

11.     Claimant objects to this request on the ground that it is overly broad and unduly burdensome and seeks irrelevant information. Without waiving any objections, claimant is not in possession of any such documents.

12.     To be provided under separate cover.

13.     Claimant objects to this request on the ground that it is overly broad and unduly burdensome and seeks irrelevant, confidential and privileged information.  Without waiving the objections, claimant has never been convicted of any crime or offense.

14.     Claimant objects to this request on the ground that it is overly broad and unduly burdensome and seeks irrelevant information.  Without waiving any objections, claimant is not in possession of any such documents.

Dated: New York, New York
        April 5, 2011

                                                Torgan & Cooper, P.C.


                                                By: _____
                                                       Mitchell K. Aaron
                                                Attorneys for Claimant
                                                17 State Street, 39th Floor
                                                New York, New York 10004
                                                (212) 232-2500


To:     Patrick Corbett, Esq.
        Attorneys for Petitioner
        Ivan Goodstein
        292 Madison Avenue, 11th Floor
        New York, New York 10017
        (212) 953-2381

8

VERIFICATION

STATE OF NEW YORK    )
                     )   ss.:
COUNTY OF NEW YORK)

David Bernstein, being duly sworn, deposes and says: I am the Claimant in

the within action; I have read the Responses to Interrogatories and know the contents

thereof; the same is true to my own knowledge, except as to the matters therein stated

to be alleged on information and belief, and as to those matters I believe them to be

true.

David Bernstein

Sworn to before me this
5th day of April, 2011

Notary Public

MITCHELL K. AARON
Notary Public, State of New York
No. 4683364
Qualified in Nassau County
Commission Expires February 28, 20__

9



Certificate of Accomplishment

U. S. Coast Guard Auxiliary

For successfully completing the

About Boating Safety

Awarded to

David Bernstein

Flotilla Commander

014-12-01

District, Division, Flotilla

May 03, 2009

Date

Contents Approved by the
National Association of
State Boating Law Administrators
and recognized by the
United States Coast Guard



APPENDIX A Official Form No.: 960

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
### [This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| **David Bernstein** | **08/03/1967** | **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** |

| Patient Address |
|---|
| **67 Tain Drive, Great Neck, New York 11023** |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
   **Kenneth Ackerman, MD, 2 Pro Health Plaza, Suite 101, Lake Success, New York 11042**

8. Name and address of person(s) or category of person to whom this information will be sent:
   **Rubin, Fiorella & Friedman LLP., 292 Madison Avenue, 11th Floor, New York, New York 10017**

9(a). Specific information to be released:
   ☑ Medical Record from (insert date) **07/03/2010** to (insert date) **the present.**
   ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
   ☐ Other: _____   Include: (*Indicate by Initialing*)

   _____ Alcohol/Drug Treatment
   _____ Mental Health Information
   _____ HIV-Related Information

**Authorization to Discuss Health Information**

(b) ☑ By initialing here _____ I authorize _____
                            Initials                    Name of individual health care provider
   to discuss my health information with my attorney, or a governmental agency, listed here:

   _____
             (Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information: | 11. Date or event on which this authorization will expire: |
|---|---|
| ☐ At request of individual | |
| ☑ Other: **Legal** | **End of Litigation** |

| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |
|---|---|
| **Torgan & Cooper, P.C., by Ana Romero Bosch** | **Attorney-In-Fact Pursuant to Power of Attorney** |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_Signature:_ Ana R Bosi

Signature of patient or representative authorized by law.

Date: _____

MARIE BONASORSI
Notary Public, State of New York
No. 01BO4807701
Qualified in Richmond County
Commission Expires December 31, 2014

\* **Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.**



OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| **David Bernstein** | **08/03/1967** | **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** |

| Patient Address |
|---|
| **67 Tain Drive, Great Neck, New York 11023** |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
   **Michael E. Levine, MD, 900 Northern Blvd., Suite 260, Great Neck, New York 11021**

8. Name and address of person(s) or category of person to whom this information will be sent:
   **Rubin, Fiorella & Friedman LLP., 292 Madison Avenue, 11th Floor, New York, New York 10017**

9(a). Specific information to be released:
   ☑ Medical Record from (insert date) _____**07/03/2010**_____ to (insert date) _____**the present.**_____
   ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
   ☐ Other: _____     Include: (*Indicate by Initialing*)

   _____ **Alcohol/Drug Treatment**
   _____ **Mental Health Information**
   _____ **HIV-Related Information**

   **Authorization to Discuss Health Information**

   (b) ☑ By initialing here _____ I authorize _____
                       Initials                       Name of individual health care provider
   to discuss my health information with my attorney, or a governmental agency, listed here: _____

   _____
   (Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☑ Other: **Legal** | 11. Date or event on which this authorization will expire:<br><br>**End of Litigation** |
|---|---|
| 12. If not the patient, name of person signing form:<br>**Torgan & Cooper, P.C., by Ana Romero Bosch** | 13. Authority to sign on behalf of patient:<br>**Attorney-in-Fact Pursuant to Power of Attorney** |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____
Signature of patient or representative authorized by law.

Date: _____

MARIE BONACORSI
Notary Public, State of New York
No. 01BO4807701
Qualified in Richmond County
Commission Expires December 31, 201

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

### DURABLE POWER OF ATTORNEY TO EXECUTE A WRITTEN REQUEST FOR PATIENT INFORMATION UNDER SECTION 18 OF THE NEW YORK STATE PUBLIC HEALTH LAW

THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE DECISIONS. YOU MAY EXECUTE A HEALTH CARE PROXY TO DO THIS.

I, David Bernstein, do hereby appoint my attorneys: Torgan & Cooper, P.C., 17 State Street - 39th Floor, New York, New York 10004 as my attorney-in-fact to execute a written request for patient information under Section 18 of the New York State Public Health Law in my name, place and stead in any way which I myself could do, if I were personally present.

THIS DURABLE POWER OF ATTORNEY SHALL NOT BE AFFECTED BY MY SUBSEQUENT DISABILITY OR INCOMPETENCE.

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH PARTY, AND I FOR MYSELF AND FOR MY HEIR, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HEREBY AGREE TO INDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PROVISIONS OF THIS INSTRUMENT.

THIS DURABLE POWER OF ATTORNEY MAY BE REVOKED BY ME ANYTIME.

In Witness Whereof I have hereunto signed my name this _____ day of January 2011.

_____
David Bernstein

State of New York    )
                     ) ss.:
County of Queens     )

   On the 12th day of January, in the year 2011 before me, the undersigned, a Notary Public in and for said State, personally appeared David Bernstein personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon whose behalf the individual acted, executed the instrument.

Jamie C Hartill
Notary Public, State of New York   _____
No.01HA6206108                     Notary Public
Qualified in Queens County
Commission Expires 05/18/2013

### *AFFIDAVIT OF PERSONAL SERVICE*

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF NEW YORK   )

      Joseph Mangan, being duly sworn, deposes and says: Deponent is not a party to this action, is over eighteen years of age and maintains a place of business at 17 State Street, 39th Floor, New York, New York 10004.

      That on April 5, 2011, deponent served the within ***Response to Request for Documents and Interrogatories*** upon the following:

> Patrick J. Corbett, Esq.
> Rubin, Fiorella & Friedman LLP
> Attorneys for Petitioner Ivan Goodstein
> 292 Madison Avenue, 11th Floor
> New York, New York 10017

      by delivering a true copy thereof, by hand delivery, to the individual authorized to accept service on behalf of the above named defendant.

                                               Joseph Mangan

Sworn to before me this
5th day of April, 2011

Notary Public

MARIE BONACORSI
Notary Public, State of New York
No. 01BO4807701
Qualified in Richmond County
Commission Expires December 31, 2014.